HAROLD ANDERSON, BY NEXT FRIEND, AND BEATRICE ANDERSON AND HARRY ANDERSON v. GREEN CAB COMPANY.

Argued January term, 1926—Decided June 24, 1926.

**Negligence—Injury to Passenger of Taxicab—Prima Facie Evidence of Negligence of Taxi Driver—Evidence of Ownership by Defendant—Other Reasons for Reversal Too General, Vague and Indefinite.**

Before Justices PARKER, MINTURN and BLACK.

For the appellants, *James A. Lightfoot* and *William J. Garrison.*

For the appellees, *Samuel Morris.*

The opinion of the court was delivered by

MINTURN, J.   These two actions were tried together in the Atlantic City District Court with a jury, and resulted in verdicts for $200 for the infant, $400 for the mother and $100 for the husband.

Beatrice Anderson and her infant son was injured while riding as passengers in defendant's taxicab at about six o'clock on the rainy evening of December 24th, 1924. The collision took place with a truck which had been standing at the side of the street, and which had started to make a U turn into the street.

The first point urged for reversal is the refusal to nonsuit on the grounds that there was no proof of negligence, ownership or operation of the cab by defendant. The plaintiff's evidence was that she engaged a Green cab, and that defendant's name appeared thereon. There was evidence, also, that defendant's cab was "speeding," "going very fast," and that plaintiff knocked on the window to caution the driver to reduce his speed, and that the taxicab skidded thirty feet after the collision before coming to a stop. That situation presented a *prima facie* case of negligence.

The other remaining reasons urged for reversal are so general, vague and indefinite as to come under the condemnation of the rule that, to be noticed and considered by the court upon appeal, the reasons must be direct, comprehensive and specific, indicating the exact error or alleged legal defect, so that the appellate court may not be obliged, as in a cross-word puzzle, to search the record for esoteric errors and metaphysical intricacies to sustain the appeal. *Valenti* v. *Blessington*, 96 *N. J. L.* 498; 10 *N. J. Dig.* (*Court of Errors and Appeals*), § 268, and cases cited.

Thus, under reasons—(4) that the court permitted immaterial and irrelevant testimony; (5) that the court refused to admit relevant testimony; (6) that the charge mis-stated the law; (7) divers other errors made in the course of the trial; we are asked to scrutinize the record and conjure up from any conceivable concatenation of language and law some legal basis upon which the appeal may be reasonably

supported. This, under any proper theory of judicial procedure, we conceive to be the province of the advocate, and not that of the bench.

*Jus dicere non jus dare.*

The judgment will be affirmed.